**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

KENNETH DELUCA, et al.,

                Plaintiffs,

v.                                  CIVIL ACTION NO.  5:10-cv-00421

OCWEN LOAN SERVICING, LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Plaintiffs, Kenneth and Melinda Deluca, West Virginia residents, seek to remand this action to the Circuit Court of Raleigh County, West Virginia, pursuant to 28 U.S.C. § 1447(c), on the grounds "that removal was defective pursuant to 28 U.S.C. § 1446(a) because Defendants failed to satisfy the rule of unanimity and, alternatively, that this Court lacks original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1441."  (Plaintiffs' Motion to Remand  ("Pls.' Mot.") (Document No. 8) at 1. )  Plaintiffs also move pursuant to 28 U.S.C. § 1447(c) to recover the costs incurred as a result of the removal.  Upon consideration of the motion, the memoranda in support thereof, the attached exhibits and the entire record herein, the Court **GRANTS IN PART** Plaintiffs' Motion to Remand (Document No. 8) because not all defendants joined in the removal of this action as required by 28 U.S.C. § 1446(a).

1

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On February 26, 2010, Plaintiffs commenced this action "aris[ing] out of appraisal fraud and predatory lending in connection with the sale of a home[]" in the Circuit Court of Raleigh County, West Virginia against Ocwen Loan Servicing, LLC ("Ocwen"), the current servicer of the home loan; Deutsche Bank National Trust Company ("Deutsche"), Trustee of the CDC Mortgage Capital Trust 2003-HE3, Mortgage Pass-Through Certificates, Series 2003-HE3, and current holder of Plaintiffs' loan; Alex Hensley, licensed real estate appraiser; Global Mortgage Group, Inc., mortgage broker; Hanover Insurance Company, surety of Global Mortgage Group, Inc.; Aegis Funding Corporation, lender; St. Paul Fire and Marine Insurance Company, surety of Aegis Funding Corporation, and Joshua Demeter, closing agent for the transaction at issue. ((Notice of Removal, Ex. 1, Complaint ("Complaint") (Document No. 1-1), ¶¶ 1-8.)   In their complaint, Plaintiffs allege that: in August of 2001, they entered into a residential lease agreement with the option to purchase a home from Linda Hensley; on or about September, 2003, they responded to a solicitation of Defendant Global Mortgage to pursue financing of the home; prior to the loan closing, they received preliminary disclosures representing that they were receiving a fixed rate loan; that Defendant Global Mortgage arranged for the appraisal of the property by Defendant Alex Hensley, husband of the seller; that unbeknownst to the Plaintiffs, the appraisal value of the home was intentionally inflated; that at the loan closing, they were presented with documents to sign but the Defendant closing agent failed to provide a meaningful explanation of the documents and the terms of the transaction; that they discovered at the closing that the loan was for an adjustable rate mortgage; and that the deed of trust provided to them did not contain a property description.  (*See*

2

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

Compl., ¶¶ 9-24.)  With respect to the servicing of the loan, Plaintiffs allege that Defendant Ocwen: began servicing the loan in approximately July, 2003; collected late fees in excess of that which was represented in their Note; placed telephone calls to Plaintiffs "several times a day, all days of the week[]" in an effort to collect on the debt; forced-placed insurance on the Plaintiffs' mortgage account even though the Plaintiffs had insurance coverage; failed to modify the Plaintiffs' home loan; "pushed" Plaintiffs into three "unreasonable, unaffordable, and unsustainable forbearance agreements[,]" and refused to accept monthly loan payments while the parties negotiated payment plans.  (*See* Compl., ¶¶ 25-38.)

Plaintiffs, in the underlying pleading, assert various claims against the Defendants which include allegations of breach of fiduciary duty; unconscionable inducement; fraud; dishonesty, misrepresentation, and breach of professional standards / negligence; joint venture, conspiracy and agency; breach of contract; illegal debt collection; negligence; estoppel and the collection of illegal fees.  (*See* Compl., ¶¶ 39-94.)

On March 31, 2010, Defendants Ocwen and Deutsche removed the case to this Court pursuant to 28 U.S.C. § 1441 (Notice of Removal ("Notice") (Document No. 1).)  Defendants Ocwen and Deutsche assert this Court's jurisdiction pursuant to 28 U.S.C. § 1331 purporting that this Court has federal jurisdiction over the Plaintiffs' claims because those claims involve disputed questions that will require the resolution of significant issues of federal law, including, but not limited to the Home Owner's Loan Act and the Truth in Lending Act.  (Notice, ¶¶ 8-17.) Defendants Ocwen and Deutsche also assert that supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.  (Notice, ¶ 3.)

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

Plaintiffs, on April 14, 2010, opposed the removal and moved to remand this action on the basis that Defendants Ocwen and Deutsche "persisted in filing their Notice of Removal despite at least one other Defendant's explicit refusal to consent to the removal, in violation of 28 U.S.C. § 1446(a)."  (Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand ("Pls.' Memo.") (Document No. 9) at 2.)  Alternatively, Plaintiffs contend that remand is warranted because each of their twelve alleged counts rely on violations of state law, the majority of which sound in common law, that their claims are not completely preempted and do not require resolution of a substantial question of federal law. (*Id*. at 8.)   Defendants Ocwen and Deutsche did not file an opposition or other response to Plaintiffs' motion.

## II.    APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.  28 U.S.C. § 1441. A federal district court has original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.  Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.  In particular, Section1446 states that "[a] *defendant or defendants* desiring to remove any civil action . . . from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure[.]" 28 U.S.C. § 1446(a) (emphasis added).[1]   Moreover, the Fourth Circuit has noted in dicta that:

---

[1]   The statutory basis for removal jurisdiction is found in Section 1446 (b), which states in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty

(continued...)

4

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

> All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint. Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.

*Wilkins v. Corr. Med. Sys.*, No. 90-7155, 1991 WL 68791, at *2 n.2 (4th Cir. May 3, 1991) (unpublished) (citations omitted); *see Constantin v. Fogle*, Civil Action No. 5:09CV129, 2010 WL 174112, at * 1 (N.D. W. Va. Jan. 15, 2010) ("While the removal statute does not explicitly require all defendants to join in the removal, it is well established that in a multi-defendant case, effective removal requires that all defendants consent to removal.") (citing *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D. W. Va 1993); *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)). *See Cunningham v. Bombay Productions, Inc.*, 309 F.Supp. 2d 835, 836-37 (S.D. W. Va. 2004) (remanding case where "all defendants did not officially and unambiguously consent to removal within the thirty-day statutory time period").

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn v. AT&T Mobility, LLC*, 530 F.3d

---

[1](...continued)

> days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).  In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *see Guyon v. Basso*, 403 F.Supp. 2d 502, 505 (E.D. Va. 2005) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state court.") (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).

## III.    DISCUSSION

### A.  Defendants Ocwen and Deutsche's notice of removal is defective

Plaintiffs  contend that Defendants Ocwen and Deutsche's removal does not satisfy the "rule of unanimity."[2]  (*See* Pls.' Memo. at 2, 6.)  Plaintiffs appear to acknowledge that all of the named defendants had not been served before the filing of the instant notice of removal, but they contend that there was no consent of all of the served defendants.  The Court notes that "a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed." *Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F.Supp. 2d 814, 819 (N.D. W. Va. 2005) (citing *Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D. Pa. 1994).  Thus, the issue before the Court is simply, did all of the served Defendants consent to the removal of this action, as required by 28 U.S.C. § 1446.   The Court finds that they did not.

The record, at the time of removal, indicates that four of the seven named Defendants were

---

[2]  Plaintiffs concede that Defendants Ocwen and Deutsche timely filed their notice of removal on March 31, 2010. (*See* Pls.' Memo. at 6-7.)

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

served by Plaintiffs.  Indeed, there is no dispute that Defendants Ocwen, Deutsche, Joshua Demeter, and St. Paul Fire and Marine Insurance Company were served before the filing of the notice of removal.  (*See* Notice, ¶ 2 ("Deutsche was served on March 1, 2010.  Joshua Demeter was served on March 2, 2010.  Ocwen and St. Paul Fire and Marine Insurance were served on March 4, 2010.  As of the date of filing [of the notice], Defendants Global Mortgage, Inc., Hanover Insurance Company, and Alex Hensley have not been served."); Pls.' Memo. at 5 ( "By March 31, 2010, when Defendants Ocwen and Deutsche filed their notice of removal, four defendants had been properly served with the Summons and Complaint . . . : Ocwen, Deutsche, Demeter, and St. Paul.  Neither [Defendants] [Joshua] Demeter nor St. Paul [Fire and Marine Insurance Company] joined in the notice of removal."); *see also* Notice, Ex. 2.).

On these representations, Defendants Joshua Demeter and St. Paul Fire and Marine Insurance had until April 1 and April 5, 2010, respectively, to file a notice of removal or join in the notice of removal filed by Defendants Ocwen and Deutsche.  *See* Fed.R.Civ.P. 6(a)(1)(C).  Although Section 1446 does not address the procedure for removal when multiple defendants are involved, the Fourth Circuit has "adopt[ed] the last-served defendant rule and [held] that in cases involving multiple defendants, each defendant once served with formal process, has thirty days to file a notice of removal pursuant to 28 U.S.C. § 1446(b) in which earlier-served defendant may join regardless of whether they have previously filed a notice of removal." *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010).  The Court notes that co-defendants are not required to join in or sign the same notice of removal as the removing defendants.  In multiple defendant cases, co-defendants may file independent notices of removal within the thirty-day period of receiving service of the complaint.

7

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

However, in this instance, the record indicates that neither Defendants Joshua Demeter nor St. Paul Fire and Marine Insurance Company separately filed a notice of removal, or notice affirming their consent to join in the removing Defendants' notice of removal during the applicable time period. Indeed, in the brief time period that has passed since the filing of the notice of removal, there has been no such filing by Defendants Demeter or St. Paul Fire and Marine Insurance refuting Plaintiffs' contention that they did not consent to the removal.

Plaintiffs argue that counsel for the removing Defendants advised Plaintiffs that at least one of the served Defendants desired to continue to litigate this matter in state court. (*See* Pls.' Memo at 5 (discussion of the April 7, 2010 email from counsel for Defendants Ocwen and Deutsche.)) This referenced e-mail communication was not produced by Plaintiffs; however, the nature of its representations were not refuted by Defendants, as the removing Defendants failed to file a response in opposition to Plaintiffs' motion to remand. Moreover, the Court finds it curious that, in their notice of removal, Defendants Ocwen and Deutsche made no representations with respect to obtaining consent from the other two served Defendants.

It is the burden of the Defendants to show that this Court's jurisdiction has been properly invoked. *See Dorsey v. Borg-Warner Automotive, Inc.*, 218 F.Supp. 2d 817 (S.D. W. Va. 2002) (Haden, J.) ("The burden of establishing the propriety of removal falls upon the removing party. If federal jurisdiction is doubtful, remand is necessary.") (citations omitted). Moreover, a district court must strictly construe removal jurisdiction, because such jurisdiction raises significant federalism concerns. *Mulachey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "The law of this district is that failure of all defendants to join in the removal notice

8

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

constitutes a procedural defect, which may be waived if not objected to within 30 days after filing of the removal notice." *Lloyd v. Cabell Huntington Hosptial, Inc., et al.*, 58 F.Supp. 2d 694, 697-98 (S.D. W. Va. 1999) (Haden, J.) (citation omitted).  Plaintiffs filed their motion to remand on April 14, 2010, and did not waive their objection with respect to this procedural defect.  The Court finds that Defendants Ocwen and Deutsche, in their notice of removal failed to sufficiently carry their burden to remove this action.  Thus, the instant case is remanded because Defendants Ocwen and Deutsche's notice of removal is procedurally defective.[3]

### B.  Attorneys' fees

The undersigned next considers Plaintiffs' request for costs incurred as a result of the removal.  (Pls.' Mot. at 1.)  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court in *Martin v. Franklin Capitol Corp.*, 546 U.S. 132 (2005), has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." (*Martin*, 546 U.S. at 141) (citations omitted).  Both parties fail to address this standard.  If Plaintiffs wish  to proceed upon its request for an award of attorney fees and costs incurred herein pursuant to 28 U.S.C. § 1447(c), they shall file a motion and an accompanying memorandum in support asserting the request and reasons

---

[3]  Because the notice of removal is procedurally defective, consideration of the parties' arguments with respect to the invocation of this Court's jurisdiction under Section 1331, federal question jurisdiction, is not warranted.

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

in light of the standard articulated in *Martin*, including an itemized statement of the reasonable fees and costs which have been incurred herein by June 25, 2010. Defendants Ocwen and Deutsche, no later than July 9, 2010, shall file an opposition or other response; Plaintiffs shall file a reply to such response by July 23, 2010. If the parties stipulate to the reasonable costs discussed herein, the parties need only file a notice of their stipulation with the Clerk of Court by June 25, 2010.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand (Document No. 8) is **GRANTED IN PART.** The Court **REMANDS** this case to the Circuit Court of Raleigh County for further proceedings. Further, the Court does hereby **ORDER** that Plaintiffs, if they desire to proceed upon their request for an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c), file a motion and an accompanying memorandum asserting the same in light of the standard articulated in *Martin*, including an itemized statement of the reasonable fees and costs which have been incurred herein, by June 25, 2010. Defendants Ocwen and Deutsche shall file an opposition, or other response, no later than July 9, 2010; Plaintiffs shall file a reply to such response by July 23, 2010.

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Order to the Circuit Clerk of Raleigh County, West Virginia and a copy to counsel of record.

ENTER:        May 26, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

10