## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

KENNETH DELUCA, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO.  5:10-cv-00421

OCWEN LOAN SERVICING, LLC, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiffs' Motion for Fees and Costs Incurred as a Result of Defendants' Removal ("Pls.' Mot.") (Document No. 28).  Upon consideration of the motion, the opposition thereto and the reply, the Court grants the instant motion, awards reasonable attorney fees to Plaintiffs in the amount of Five Thousand Six Hundred Fifteen Dollars ($5,615.00) and removes this matter from its docket.

### I.  BACKGROUND AND PROCEDURAL HISTORY

The factual background of this case was adequately set forth in this Court's May 26, 2010 Memorandum Opinion and Remand Order (Document No. 25).  For context, however, the Court briefly summarizes the facts relevant to the instant motion.  Plaintiffs, Kenneth and Melinda Deluca, originally commenced this action in the Circuit Court of Raleigh County, West Virginia, for events "aris[ing] out of appraisal fraud and predatory lending in connection with the sale of a home[]" against multiple defendants, including Ocwen Loan Servicing, LLC ("Ocwen"), the current servicer

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

of the home loan; Deutsche Bank National Trust Company ("Deutsche"), Trustee of the CDC Mortgage Capital Trust 2003-HE3, Mortgage Pass-Through Certificates, Series 2003-HE3, and the current holder of Plaintiffs' loan; St. Paul Fire and Marine Insurance Company ("St. Paul"), surety of Aegis Funding Corporation, and Joshua Demeter ("Demeter"), closing agent for the transaction at issue. ((Notice of Removal, Ex. 1, Complaint ("Complaint") (Document No. 1-1), ¶¶ 1-8.)[1] Defendants Ocwen and Deutsche removed the case to this Court invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331, asserting that Plaintiffs' claims were preempted by the Home Owner's Loan Act and the Truth in Lending Act and involved disputed questions requiring the resolution of significant issues of federal law.  (Notice of Removal, ¶¶ 8-17.) Defendants did not include in their notice any information with respect to whether the other two then served defendants, St. Paul or Demeter, joined in or consented to the removal.

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs challenged the removal on the basis that Defendants failed to satisfy the rule of unanimity and, alternatively, that this Court lacked subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (*See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand (Document No. 9) at 2, 8.)  Plaintiffs also moved to recover the costs and attorney fees incurred as a result of the removal.  Defendants Ocwen and Deutsche did not file an opposition or other response to Plaintiffs' motion.

---

[1]  At the time of the removal, the following defendants had not been served: Alex Hensley, licensed real estate appraiser; Global Mortgage Group, Inc., mortgage broker; Hanover Insurance Company, surety of Global Mortgage Group, Inc.; Aegis Funding Corporation, lender. As such, the Court did not consider whether any of these defendants consented to removal.

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

On May 26, 2010, this Court granted in part Plaintiffs' motion to remand finding that there was no unanimity among the Defendants. Specifically, Joshua Demeter and St. Paul Fire and Marine Insurance Company did not join in or consent to the removal, and this procedural defect to removal was not waived by Plaintiffs.[2] (May 26, 2010 Memorandum Opinion and Remand Order (Document No. 25) 7-9.) With respect to Plaintiffs' motion for attorney fees and costs, the Court found that both parties failed to address the standard articulated in *Martin v. Franklin Capitol Corp.*, 546 U.S. 132 (2005) with respect to any such award and permitted the parties to submit additional argument on that issue. (*Id.* at 9.) Consequently, Plaintiffs now move for an order directing Ocwen and Deutsche to pay attorney fees and costs in the amount of Five Thousand Six Hundred Fifteen Dollars ($5,615.00) incurred in obtaining the remand.

## II.  THE PARTIES' WRITTEN CONTENTIONS

Plaintiffs argue that Defendants Ocwen and Deutsche "persisted in filing their Notice of Removal despite that they failed to obtain consent from other properly served defendants and despite that they knew at least one other defendant objected to the removal." (Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Fees and Costs incurred as a Result of Defendants' Removal (Document No. 29) at 2.) In support of this contention, Plaintiffs proffer an April 7, 2010, email from Defendants' counsel, Christopher Arthur, stating "I was unable to get consent from the one defendant who prefers to stay in State Court." (Pls.' Ex. E (Document No. 28-5)). Plaintiffs also

---

[2]    The Court also concluded that consideration of the Plaintiffs' arguments with respect to the invocation of jurisdiction under 28 U.S.C. § 1331 was not warranted because the notice of removal was found to be procedurally defective.

3

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

argue that: "this Court's lack of jurisdiction was obvious on the face of Defendants' notice"; the removing Defendants failed to respond to their motion to remand which identified that the removal was defective, and this district and others have awarded fees when a defendant's notice is procedurally defective on its face.  (*Id*. at 2-3.)  In support of their motion, Plaintiffs submit: (1) affidavits of the three attorneys assigned to this case detailing their education, experience, and hourly rate, (2) an itemization of the services provided by each attorney, the time spent performing those services and an allocation of the cost for that service and (3) the April 7, 2010, email from Christopher Arthur,  counsel for Defendants Ocwen and Deutsche, to Sara Bird. (Pls.' Mot., Ex. A - E  (Document No. 28.))

In response, Defendants Ocwen and Deutsche argue that they complied with 28 U.S.C. § 1446(b) by filing their notice of removal and exerting "considerable effort to obtain consent" from Demeter and St. Paul;[3] that they had an objectively reasonable basis for removing the case "because Plaintiffs' claims are completely preempted by federal law and involve the resolution of substantial predicate questions of federal law, thereby conferring federal question jurisdiction on the court[]"; that the granting of a motion to remand is not a legal basis for granting attorneys' fees and that even if the Court found that they "erred in some fashion" the error "should not be grounds for attorney

---

[3]   The statutory basis for removal jurisdiction is found in Section 1446 (b), which states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

fees[]"; and that assessing attorney fees would infringe on their statutory right to file a notice of removal. (Defendants' Response in Opposition to Plaintiffs' Motion for Fees and Costs Incurred as a Result of Defendants' Removal ("Defs.' Opp'n") (Document No. 30) at 3-11.)

    In addition to its response, Defendants submit: (1) an affidavit from their counsel, Christopher Arthur, detailing his efforts to obtain consent from St. Paul and Demeter, his uncertainty with respect to removal and the reason he did not respond to Plaintiffs' motion to remand, (2) an affidavit of Skye Harrah, paralegal for the law firm of Samuel I. White PC, counsel for Defendant, explaining her efforts to obtain consent to the removal from St. Paul and Demeter, (3) St. Paul's consent to removal, (4) Circuit Court of Raleigh County Docket Report indicating the activity in the case while pending in state court and (5) Docket Reports for various cases involving Defendant Global Mortgage. (*See* Defs.' Opp'n, Ex. A - E (Document No. 30.)) Defendants, in their response, neither challenge the hourly rate utilized by Plaintiffs' attorneys, the number of hours billed, the nature of the services performed, nor, the reasonableness of the amount of attorney fees requested.

    Plaintiffs, in their reply, assert that Defendants raise "for the very first time several factual and legal arguments that . . . stray far afield from the standard applicable to the pending motion." (Plaintiffs' Reply in Support of  Their Motion for Fees and Costs Incurred As a Result of Defendants' Removal ("Pls.' Reply") (Document No. 31) at 1.) Plaintiffs maintain that Defendants, in their notice, made no representations that they complied with the procedural requirements of effective removal, failed to respond to the Plaintiff's motion to remand and "only after the fact" represents that they made "mistakes" in their "attempt[] to obtain consent and that their counsel was unclear on the law respecting removal." (*Id*. at 2.) Plaintiffs cite to various cases litigated in this

5

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

jurisdiction in which Defendant Ocwen is a party to support their contention that "Defendants [sic] regularly remove cases to [the district] court and are aware, or at least should be, of the procedural requirements [for removal]."  (*Id*. at 2, n.1.)

### III.  APPLICABLE LAW

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court in *Martin v. Franklin Capitol Corp*., 546 U.S. 132 (2005), has instructed that:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

(*Martin*, 546 U.S. at 141) (citations omitted).

### IV.  DISCUSSION

Plaintiffs assert that Defendants' procedurally defective notice of removal warrants an award of attorney fees and costs incurred in response to the removal.  Plaintiffs contend that Defendants filed their notice of removal despite their knowledge that they did not have the consent of all of the then served Defendants.  Before addressing the substance of Plaintiffs' motion, the Court will first discuss two preliminary concerns raised by Defendants.

First, Defendants argue that the granting of a motion to remand is not a legal basis for awarding attorney fees and that Plaintiffs seem to "treat[] the issue of attorneys' fees as if they are

6

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

automatic." Inasmuch as Defendants' argument is that an award of attorney fees is not automatic upon a court's determination that a remand is warranted, this Court agrees. The Supreme Court in *Martin* foreclosed any such automatic fee-shifting argument when it considered the language used in Section 1447(c). *See Martin* 546 U.S. 136-37. The Supreme Court explained that Section 1447(c) provides "that a remand order 'may' require payment of attorney's fees–not 'shall' or 'should.'" (*Id.* at 136.) This language clearly indicates that a district court has discretion in awarding attorney fees on remand. The Court further explained that "[t]he automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion[]" and that there is "no sound basis" for a presumption in favor of awarding fees. (*Id.*) Therefore, the assertion by Defendants that this Court's granting of Plaintiffs' motion to remand does not entitle Plaintiffs to a "presumption that attorney's fees should be awarded" or to an award of attorney fees and costs, as a matter of course, is well-founded.

Second, Defendants assert that their invocation of this Court's subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, was objectively reasonable and should preclude any award of attorney fees to Plaintiffs. Defendants maintain that Plaintiffs' claims are preempted by federal law. As discussed previously, this Court in its May 26, 2010, Memorandum Opinion and Order did not reach the issue of whether Plaintiffs' claims were preempted by federal law or presented issues invoking federal question jurisdiction because the Court found that the rule of unanimity was not satisfied. Given that the removal in this instance was found to be improper, the Court must refrain from considering Defendants' assertion. *See Barbour v. Int'l Union*, No. 08-1740, 2011 WL 242131, *17 (4th Cir. Jan. 27, 2011).

7

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

Turning now to Plaintiffs' contentions that Defendants "did not comply with the procedural requirements necessary to effectuate proper removal." (Pls.' Mot. at 1-2.) Plaintiffs contend that it is Defendants' failure to obtain unanimous consent of the other defendants and their "knowingly fil[ing] a defective removal" which is objectively unreasonable, warranting an award of attorneys' fees and costs. (Pls.' Mot. at 4); (Pls.' Reply at 4.)

Defendants dispute Plaintiffs' assertion that they had knowledge, at the time they filed their removal, that at least one of the other Defendants refused to consent to the removal. In an affidavit, made under the penalty of perjury supporting their opposition, counsel for Defendants states:

> The night of March 30th and March 31st, I repeatedly tried to get in touch with Defendant Joshua Demeter. I also attempted to locate Defendant Joshua Demeter through the use of a process server, Carl Roop, who is located in Beckley, West Virginia.
>
> On April 3, 2010, Defendant Joshua Demeter returned our multiple calls and informed us that he was unwilling to consent to anything. He also stated that he was not sure that he was going to defend himself in this case. As of today [July 9, 2010] Defendant Joshua Demeter has not filed an answer or made any formal appearances in this matter.

(Affidavit of Chris. R. Arthur ("Arthur Affidavit"), Defs.' Ex. A (Document No. 30-1), ¶¶ 5-6.) Additionally, with respect to St. Paul, Defendants acknowledge that "[a]t the time of the filing of the Notice of Removal [they had] only spoke[n] to a representative of [Defendant] St. Paul[.]" (Defs.' Opp'n at 3.) In his affidavit, counsel states:

> On March 29, 2010, I recognized that St. Paul Fire and Marine Insurance Company's counsel orally granted permission to use his electronic signature. I instructed Skye Harrah to follow up with him and request that he sign an actual consent to the removal.

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

> On March 31, 2010, I filed the Notice of Removal on behalf of
> Ocwen Loan Servicing, LLC and Deutsche National Trust Company.
> At that time, I was not aware that St. Paul's counsel faxed an actual
> consent with his signature.  I learned that the next day, but I was not
> concerned as St. Paul's consent technically was not due until April
> 4th.

(Arthur Affidavit, ¶¶ 3-4.)  In support of this representation, Defendants submit a faxed copy of St.

Paul's consent to the removal. (Defs.' Ex. C (Document No. 30-3)) (wherein Avrum Levicoff,

counsel for St. Paul, "authorized [the consent] to be filed as an Exhibit to Ocwen and Deutsche's

Notice of Removal.").

     Defendants also submit the affidavit of their paralegal who explains, in pertinent part, that:

(1) she was instructed by Mr. Arthur to "verify when all defendants were served on March 2, 2010

for the purposes of obtaining consent to remove this matter to federal court[]"; (2) on March 11,

2010 she searched for phone numbers to contact various defendants and located working phone

numbers for St. Paul and Demeter; (3) she "attempted to contact Defendant Joshua Demeter on

March 11, 12, 16, 24, 28, 29, and 30th" and searched the internet for any possible contact

information; (4) she was able to contact counsel for St. Paul and obtain his consent to the removal;

and (5) Defendant Demeter on April 3, 2010 "finally responded to our multiple inquiries" and

indicated that he was not going to consent.  (Affidavit of Skye Harrah, Defs.' Ex. B (Document No.

30-2, ¶¶ 4, 7-9, 12 ). Defendants assert that their "considerable effort to obtain consent should be

sufficient grounds to deny Plaintiffs' motion to award attorneys' fees."  (Defs.' Opp'n at 4.)

     As  a general rule, all defendants must join in or consent to removing an action from state

court (*see Chicago, R.I. & P. Ry. v. Martin*, 178 U.S. 245 (1900); *Perpetual Bldg. & Loan Ass'n v.

Series Directors of Equitable Bldg. & Loan Ass'n*, 217 F.2d 1 (4th Cir. 1954); *Tri-Cities*

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

*Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325 (5th Cir. 1970).  A review of the record before the Court indicates that there is no dispute that: (1) at the time of the removal only four of the seven Defendants named in the Complaint had been served; (2) Defendant Deutsche was served first on March 1, 2010, and had to submit its notice of removal within the thirty days as provided for by statute, which it did by March 31, 2010, and Ocwen joined in that removal; (3) Defendant Demeter was served on March 2, 2010, and St. Paul was served on March 4, 2010, and (4) Defendants Demeter and St. Paul had until April 1 and April 5, 2010, respectively, to file a notice of removal or join in the notice of removal filed by Defendants Ocwen and Deutsche.

This Court finds that there is no evidence in the record that Defendants Ocwen and Deutsche knew on March 31, 2010, when they filed their notice of removal, that Defendant Demeter did not consent to the removal.  Plaintiffs' assertion to the contrary is only supported by an email dated April 7, 2010, seven days after the notice of removal was filed, indicating that one of the then-served defendants did not consent.  Defendants' affidavits indicate that they made repeated attempts to contact Demeter and that they were only alerted on April 3, 2010, after the submission of the notice, of his intentions to refuse consent.  While Defendants assert that they had obtained consent to the removal from St. Paul, the same was not filed in this Court.  However, once Demeter expressed his desire to remain in state court, it became immaterial whether or not St. Paul consented to the removal, as the rule of unanimity was not satisfied.

Further, in this Court's May 26, 2010, Memorandum Opinion and Remand Order, this Court "f[ound] it curious that, in their notice of removal, Defendants Ocwen and Deutsche made no

10

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

representations with respect to obtaining consent from the other two served Defendants."  Plaintiffs

suggest this finding equates to a finding that "this Court's lack of jurisdiction was obvious on the

face of the Defendants' notice."  This is not so,  given that the applicable statute governing removal,

Section 1446(b), requires each defendant to make a choice to join in or consent to the removal.[4]

Defendants Ocwen and Deutsche were in compliance with Section 1446(b); however, Defendant

Demeter's later refusal to consent to the removal prevented Defendants Ocwen and Deutsche from

removing the case.

---

[4]  In the May 26, 2010 opinion, this Court stated:

> Although Section 1446 does not address the procedure for removal when multiple defendants are involved, the Fourth Circuit has "adopt[ed] the last-served defendant rule and [held] that in cases involving multiple defendants, each defendant once served with formal process, has thirty days to file a notice of removal pursuant to 28 U.S.C. 1446(b) in which earlier-served defendants may join regardless of whether they have previously filed a notice of removal." *Barbour v. Int'l Union*, 594 F.3d 315, 326 (4th Cir. 2010).

(Memorandum Opinion and Remand Order at 7.)  While, the above statement was not critical to the Court's previous ruling–because there was no issue in the instant case with respect to the timeliness of the removing Defendants' notice and there were no earlier-served defendants who attempted to join in a removal despite failing to do so within thirty days of service–a point of clarification is warranted.  The last-served defendant rule contemplated that a defendant who is served first could intentionally decide in the first instance not to remove a case from state court during  its thirty-day time period, but have a second bite at the apple by joining the removal of a later-served defendant even though the first-served defendant failed to do so before the expiration of his/her statutory thirty-day time frame.  However, on May 6, 2010, the Court of Appeals for the Fourth Circuit vacated the February 6, 2010 *Barbour* Opinion, decided by its three-judge panel, adopting this last-served defendant rule and granted a hearing *en banc* to consider the operation of Section 1446(b) when multiple defendants are served on different days.  On January 27, 2011, the Fourth Circuit, interpreting the plain language of Section 1446(b), held that the *McKinney* Intermediate Rule, used by the Fourth Circuit "for close to nineteen years" is still applicable.  "[T]he *McKinney* Intermediate Rule requires a notice of removal to be filed within the first-served defendant's thirty-day window, but gives later-served defendants thirty days from the date they were served to join the notice of removal." *Barbour v. Int'l Union*, No. 08-1740, 2010 WL 242131, at * 7 (4th Cir. Jan. 27, 2011).  The *Barbour* Court further instructed that "[i]f the first-served defendant files a notice of removal, later-served defendants have ample time–thirty days  from the date that each such defendant is served–to decide whether to join the notice of removal[.]" (*Id*. at *11.) The Fourth Circuit explained that this Intermediate Rule carries out Congressional intent in drafting Section 1446(b) because it "seeks to apply [Section] 1446(b)'s requirement to act within thirty days of service to *all* defendants." (*Id*. at *12.)

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

Defendants' compliance with Section 1446(b) does not end the discussion with respect to an award of attorney fees.  Defendants assert that an award in this case would "punish a party for filing a notice of removal as is permitted, where consent from remaining defendants is sought but ultimately denied, [and that an award] would discourage all removals but those where a defendant has the consent of all other defendants prior to the filing of a notice of removal."  (Defs.' Opp'n at 9.)  This Court disagrees.

In *Martin v. Franklin Capitol Corp.*, the Supreme Court considered the purpose for Congress' enactment of the removal statute and concluded that "Congress granted a right to a federal forum to a limited class of state-court defendants. . . . But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all [but cases where the right to remove was obvious]."  *Martin* 546 at 140.  However, the Supreme Court instructed that

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.  The appropriate test for awarding fees under [Section] 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

(*Id*).  Using these "large objectives" as a backdrop, the Supreme Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

reasonable basis exists, fees should be denied." (*Id.* at 141.)  The Court instructed that "the standard for awarding fees should turn on the reasonableness of the removal." (*Id*.)  The Court provided an example for the discretion a court should use in determining its departure from the rule,

> [f]or instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under [Section] 1447(c).

(*Id*.)  Furthermore, "[t]he ultimate decision as to whether or not fees and costs should be awarded is left to the sound discretion of the district court, and it is not necessary for the Court to find "bad faith" on the part of the removing party before making such awards."  *Allen v. Monsanto Company*, 396 F.Supp.2d 728, 733 (S.D. W. Va. 2005) (Chambers, J.) (citing *Watson v. Charleston Hous. Auth.*, 83 F.Supp.2d 709, 712 (S. D. W. Va. 2000) (Haden, J.)  "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal."  (*Id*.) (citations omitted.)

In this vein, this Court has considered the reasonableness of the removal in this case. Plaintiffs argue that it was objectively unreasonable for Defendants, experienced litigators, to have removed this case without complying with the rule of unanimity.  Based on the findings above, there is no evidence that Defendants knew that Demeter did not consent to the removal at the time they filed their removal.[5]   However, this Court cannot ignore the fact that Defendants are experienced litigators who sought removal and became aware–as early as April 3, 2010–that the removal was defective, yet they did not advise the Court of this fact, seek to withdraw their removal, consent to

---

[5] *See* Pls.' Reply at 2, n.1.

13

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

a remand, file their own motion to remand, or submit an opposition or other response to the Plaintiffs' motion to remand.  The rule of unanimity is hardly a new concept for these experienced litigators and it certainly does not present a "close question" for removal. At least as of April 3, 2010, the Defendants' motion for removal was no longer "objectively  reasonable." Counsel for Defendants candidly admits in his affidavit that he reviewed Plaintiffs' motion to remand, but  "was instructed that [Defendants] would win or lose on its Notice of Removal" and that "[i]n hindsight, [he] should have addressed the inaccurate statement . . . that [he] had knowledge prior to [the] filing of the removal that [he] was unable to obtain consent from one of the parties. That defeinitely [sic] was not the case[.]" (Arthur Affidavit, ¶¶ 9-10.)   Defendants' argument that the  "imposition of attorney fees for the simple failure of Ocwen and Deutsche to prevail would act as an imposition on their statutory right to file a notice of removal" is wholly without merit.  Any award would not be for their failure to prevail.  Instead, Defendants intentionally chose the litigation strategy of living or dying by the defective removal and it was their action, or in this case inaction, which served to "delay resolution of the case, impose[d] additional costs on [Plaintiffs], and waste[d] judicial resources."  Consistent with the "large objectives" noted in *Martin*, the Court finds that an award of attorney fees in this case is warranted for Plaintiffs' efforts to defend against a defective removal.

Section 1447(c), permits an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Plaintiffs provide an itemized statement indicating the hours spent by each of their attorneys and their corresponding hourly rate. In sum,  Plaintiffs request Five Thousand Six Hundred Fifteen Dollars ($5,615.00) in fees for 19.60 hours of attorney time spent considering Defendants' removal, researching the basis of that removal, preparing the motion

14

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

to remand, researching the basis for an award of attorney fees and preparing the instant motion.  As stated above, Defendants, in their opposition, do not challenge the reasonableness of Plaintiffs' request, the hourly rate of Plaintiffs' counsel, the hours billed or the services performed by each attorney.  Upon consideration of the motion, the facts of this case and the Plaintiffs' itemization of costs, this Court finds Plaintiffs' request to be reasonable.

Finally, Defendants invite the Court to consider that Demeter "held them hostage" in the removal by refusing to litigate the case and that neither Defendant nor his employer have chosen to defend themselves in the matter.  The Court rejects Defendants' invitation to deem these arguments meritorious.  First, this Court in considering a motion to remand should consider only those facts which were in the record at the time of the removal. The instant motion was prompted by this Court permitting the parties to address an issue which was not briefed by either party.  To now color Defendants' actions on March 31, 2010, when they removed this case, with information that Defendant Demeter has failed to defend against this litigation in the months that followed is improper.

*V.  CONCLUSION*

WHEREFORE, for the reasons stated above, the Court does hereby **ORDER** that Plaintiffs' Motion for Fees and Costs Incurred as a Result of Defendants' Removal ("Pls.' Mot.") (Document No. 28) be **GRANTED**, and that Plaintiffs are hereby awarded Five Thousand Six Hundred Fifteen

Deluca et al. v. Ocwen Loan Servicing, LLC, et al.

Dollars ($5,615.00). The Court further **ORDERS** that Defendants pay this amount to Plaintiffs within thirty (30) days of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party and to remove this matter from the docket.

ENTER:        March 2, 2011

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA